UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-24383-CIV-MORENO/GOODMAN

MELISSA STUTLER,

       Plaintiff,

v.

TARGET CORPORATION and
COCA-COLA BEVERAGES FLORIDA, LLC,

       Defendants.
_____/

TARGET CORPORATION,

       Cross-Plaintiff,

v.

COCA-COLA BEVERAGES FLORIDA, LLC,

       Defendant.
_____/

**REPORT AND RECOMMENDATIONS ON**
**COCA-COLA'S MOTION FOR ATTORNEY'S FEES**

In this slip and fall negligence lawsuit, Coca-Cola Beverages Florida, LLC ("Coca-Cola" or "Defendant") prevailed at the summary judgment stage [ECF No. 98] and, following the entry of a judgment in its favor [ECF No. 107], filed a Motion for Entitlement to Attorneys' Fees. [ECF No. 117].

Senior United States District Judge Federico A. Moreno referred the motion to the Undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. [ECF No. 120].

Because Coca-Cola's initial fees motion contained certain filing deficiencies, the Undersigned struck it without prejudice and with leave to re-file. [ECF No. 121]. Coca-Cola timely filed a renewed fees motion [ECF No. 122] and a notice attaching the affidavit of one of its counsel [ECF No. 123]. Plaintiff Melissa Stutler ("Stutler" or "Plaintiff") filed a response in opposition [ECF No. 124] and Coca-Cola filed an optional reply [ECF No. 125].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **deny without prejudice** Coca-Cola's motion.

I.  BACKGROUND AND ANALYSIS

The Amended Complaint alleged that Stutler slipped and fell at a Target store[1] "due to a puddle of liquid that appeared to be water that looked as though it leaked from one of Defendant COCA-COLA BEVERAGES FLORIDA, LLC's beverage coolers." [ECF No. 22, ¶ 8 (capitalization in original)].

Coca-Cola filed an initial summary judgment motion [ECF No. 67] and later an amended summary judgment motion [ECF No. 75], to comply with the page limits.

---

[1] Target Corporation ("Target") was also a defendant in this lawsuit. [ECF No. 22]. Plaintiff and Target reached a settlement and the Court dismissed Plaintiff's claims against Target with prejudice. *See* [ECF Nos. 103; 111; 114].

Judge Moreno granted Coca-Cola's summary judgment motion. [ECF No. 98]. Plaintiff moved for reconsideration of the Court's summary judgment Order and on December 20, 2022, Judge Moreno denied that motion. [ECF Nos. 104; 106]. On the same day, the Court entered a final judgment in favor of Coca-Cola and against Stutler [ECF No. 107].

Plaintiff appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit. In the interim, Defendant moved for attorney's fees under Fla. Stat. § 768.79 because it had served a proposal for settlement [ECF No. 69] which Plaintiff did not accept, and Defendant later prevailed on summary judgment. [ECF No. 122, ¶¶ 16-17].

The Undersigned learned from a review of the appellate court docket that on July 24, 2023, the Eleventh Circuit issued a decision reversing the Order granting summary judgment for Coca-Cola. *See Stutler v. Coca-Cola Beverages Fla., LLC*, No. 22-14239, 2023 WL 4703301 (11th Cir. July 24, 2023) (*per curiam*). The deadlines for filing a petition for rehearing and a petition for rehearing *en banc* have passed[2] and the Eleventh Circuit's docket does not reflect that any such petitions were filed.

Because the basis for Coca-Cola's entitlement to fees (that it prevailed at the summary judgment stage) appears to be no longer applicable, the Court should d**eny without prejudice** the instant fees motion.

---

[2] *See* 11th Cir. R. 35-2, 40-3.

## II. CONCLUSION

The Undersigned **respectfully recommends** that the District Court **deny without prejudice** Coca-Cola's renewed motion for attorney's fees [ECF No. 122].

## III. OBJECTIONS

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on August 16, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All Counsel of Record